UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00109-HBB

ALISA N.[1]     PLAINTIFF

VS.

MARTIN O'MALLEY, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[2]     DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Alisa N. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both Plaintiff (DN 9) and Defendant (DN 15) filed Fact and Law Summaries.  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7).  By Order entered October 17, 2023 (DN 8), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2 Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

<u>FINDINGS OF FACT</u>

On August 15, 2021, Plaintiff protectively filed an application for disability and disability insurance benefits (Tr. 12, 98, 314-15). Plaintiff alleged that she became disabled on May 1, 2017, as a result of fibromyalgia, undifferentiated connective tissue disease, and migraines (Tr. 70, 77). The application was denied initially on October 13, 2021, and upon reconsideration on December 21, 2021 (Tr. 12, 69, 76). On January 28, 2022, Plaintiff filed a written request for a hearing (Tr. 98, 120).

On May 12, 2022, Administrative Law Judge Steven Collins ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances of the COVID-19 pandemic (Tr. 34-68). Plaintiff and an attorney representative, Mary Burchett-Bower, were present on the line (Tr. 12, 34-68). Sandra Bruff, an impartial vocational expert, testified during the hearing (<u>Id.</u>).

In a decision dated June 21, 2022, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-26). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2017, the alleged onset date (Tr. 15). Plaintiff last met the insured status requirement on December 31, 2021 (<u>Id.</u>). At the second step, the ALJ determined that Plaintiff has the following severe impairments: headache, arthralgia, fibromyalgia, lumbar and cervical degenerative disc disease, and obesity (<u>Id.</u>). The ALJ found Plaintiff has the following non-severe impairments: depression, and anxiety (<u>Id.</u>). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 17-18).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except: she can lift/carry twenty pounds

occasionally and ten pounds frequently; she can sit six hours in an eight hour workday; she can stand and/or walk for six hours in an eight hour workday; she can occasionally climb ramps and stairs; she cannot climb of ladders, ropes, or scaffolding; unlimited balancing; occasional stooping, kneeling, crouching, and crawling; no unusually bright or strobe type lighting; moderate noise level or less as defined by the SCO; she should avoid concentrated exposure to vibration; and she should avoid all exposure to dangerous machinery and unprotected heights (Tr. 18).

Next, the ALJ determined that Plaintiff was unable to perform her past relevant work (Tr. 24). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (Tr. 25). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act from April 27, 2019, through the date of the decision (Tr. 11).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 188-91). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for

substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton, 2 F.3d at 695-696.

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Finding Nos. 3 and 5

1. <u>Arguments of the Parties</u>

Plaintiff argues the ALJ's finding that depression and anxiety were not severe impairments is not supported by substantial evidence (DN 9 PageID # 710). Plaintiff asserts the ALJ failed to appropriately consider evidence that documents the severe mental impairments and did not provide a clear explanation how the evidence he cited is consistent with his findings (Id. at PageID # 711). Plaintiff argues the ALJ failed to give proper consideration to APRN Cornelius opinion, and erred when he found the opinion of Dr. Stevens-Watkins persuasive (Id. at PageID # 712-14). Next, Plaintiff claims the RFC finding is not supported by substantial evidence as the "decision lacks sufficient explanation as to how the evidence, both medical and non-medical, support the specific findings in the RFC," while also claiming the ALJ did not properly evaluate her subjective complaints (Id. at PageID # 717).

Defendant counters that the ALJ's failure to find additional severe impairments is legally irrelevant as he found there were other severe impairments (DN 15 PageID # 743). Defendant also asserts that Plaintiff's anxiety and depression did not meet the durational requirements for a finding of disability and that the evidence of the record demonstrates the impairments were not severe (Id. at PageID # 745-48). Defendant claims the ALJ properly considered the medical opinions of Dr. Stevens-Watkins and APRN Cornelius, despite Dr. Stevens-Watkins not being able to review the entire record (Id. at PageID # 748-49). Further, Defendant asserts the RFC finding is supported by substantial evidence as the ALJ's rationale is evident through his references to evidence of the record (Id. at PageID # 755).

2. Discussion

    a. *Step Two Challenge*

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. § 404.1520(a)(4)(ii); SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 404.1521; SSR 16-3p, 2017 WL 5180304, at *11. To satisfy the "duration" requirement the

impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). If the four areas of mental functioning are rated as "none" or "mild," the Administrative Law Judge will generally conclude that the claimant's impairment is not "severe," unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1).

Under Maziarz v. Sec'y of Health & Hum. Servs., 837 F.2d 240, 244 (6th Cir. 1987), when, at step two of the sequential evaluation process, an administrative law judge does not find a certain impairment to be "severe" but finds the claimant has other "severe" impairments, generally it is not reversible error if the administrative law judge considers limitations imposed by the severe and non-severe impairments in the remaining steps of the disability analysis. Emard v. Comm'r of Soc. Sec., 953 F.3d 844, 852 (6th Cir. 2020); Lane v. Kijakazi, No. CV 6:22-187-KKC, 2024 U.S. Dist. LEXIS 26509, at *5-6 (E.D. Ky. Feb. 15, 2024). Here, the ALJ discussed Plaintiff's anxiety and mood complaints when making the RFC finding, and the ALJ highlighted: the state agency psychological consultants' opinions, the conservative treatment for Plaintiff's mood and anxiety, Plaintiff's report that she cares for her family members on a full-time basis, and APRN Cornelius'

7

opinion (Tr. 22-23). Therefore, it is legally irrelevant that the ALJ failed to find anxiety and depression were severe impairments. Emard, 953 F.3d at 852.

  b. *Medical Opinions*

  Plaintiff first points to the ALJ's treatment of Dr. Stevens-Watkins, which the ALJ found was persuasive, to argue Finding No. 3 is not supported by substantial evidence (DN 9 PageID # 712). Plaintiff argues that the ALJ failed to consider other mental health providers' opinions which were not in the record at the time of Dr. Stevens-Watkins's review, and that the ALJ's rationale that Plaintiff takes care of family members without discussing how that care correlates to a work setting is not supported by substantial evidence (Id. at PageID # 713).

  The Sixth Circuit previously addressed Plaintiff's argument and held that:

> an ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is "some indication that the ALJ at least considered these facts" before assigning greater weight to an opinion that is not based on the full record.

Spicer v. Comm'r of Soc. Sec., 651 F. App'x 491, 493-94 (6th Cir. 2016) (quoting Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009); Angela S. v. Kijakazi, No. 20-2566 (WMW/BRT), 2022 U.S. Dist. LEXIS 132620, at *6 (D. Minn. July 7, 2022). Here, a review of the ALJ's decision shows that he did conduct an independent review and considered the evidence that was not available at the time of Dr. Stevens-Watkins's opinion—the ALJ's cited to Plaintiff's conservative treatment which were not available at the time of Dr. Stevens-Watkins' review (Ex. 3F, 8F, 13F, 15F, 20F) and Plaintiff's report that she cares for her family members (Ex. 20F). The ALJ conducted an independent review of the evidence and considered the portions of the record the consultant did not have an opportunity to review. Angela S., 2022 U.S. Dist. LEXIS 132620, at *5.

Next, Plaintiff contends the ALJ's treatment of APRN Cornelius is not supported by substantial evidence because APRN Cornelius sufficiently explained and supported her opinion (DN 9 PageID # 714-15). Defendant responds that the ALJ's treatment is supported by substantial evidence, that the opinion is dated after the relevant time period without an indication that the restrictions started before December 31, 2021. The ALJ found the opinion was unpersuasive with the following:

> Joy Cornelius, APRN, opined the claimant had limited but satisfactory ability to carry out very short and simple instructions, maintain regular attendance and be punctual within customary usually strict tolerances, sustain an ordinary routine without special supervision, make simple work related decisions, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, be aware of normal hazards and take appropriate precautions, understand and remember detailed instructions, carry out detailed instructions, interact appropriately with the general public, maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness. They opined the claimant had serious limitation in ability to remember work like procedures, ability to understand and remember very short and simple instructions, ability to maintain attendance for two hour segments, ability to work in coordination or proximity with others without being unduly distracted, ability to complete a normal workday and work week without interruptions from psychologically based symptoms, ability to deal with normal work stress, ability to respond appropriately to changes in a routine work setting, ability to set realistic goals or make plans independently of others, and ability to deal with stress of semiskilled and skilled work. They opined the claimant was unable to meet competitive standards to perform at a consistent pace without an unreasonable number and length of rest periods, and to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. They stated the claimant would not maintain adequate pace required for working and keeping up with peers and would struggle with co-worker relationships due to emotional reactivity and this would affect the claimant's ability to work in close proximity to others, with the claimant functioning best with small groups. They stated the claimant struggled with setting realistic goals and dealing with stressful situations, getting overwhelmed easily and admitting to being off task. They finally stated the claimant had no useful ability to use public transportation. Finally, this provider opined the

9

> claimant would be absent from work about four days per month (Exhibits 16F, 19F). The undersigned notes these assertions are not persuasive. The treatment records from this provider (Exhibits 2F, 13F, 20F) establish the claimant did not seek treatment with a mental health treatment provider until much later in the relevant period and documents extremely conservative treatment which does not support the extent of limitations assigned to the claimant by this provider. The undersigned notes this provider did not provide support for their assertions or the level of limitations they assigned to the claimant, and the claimant's reportedly caring for two family members on a full-time basis (Exhibit 20F) is not consistent with the level of limitations assigned to the claimant by this provider.

(Tr. 23). The Sixth Circuit has found that "evidence of claimant's medical condition after the expiration of a date last-insured is only relevant to the extent it 'illuminates that condition before the expiration of insured status.'" Harmon v. Kijakazi, No. 1:20-CV-1149-jay, 2022 U.S. Dist. LEXIS 248383, at *11-12 (W.D. Tenn. July 14, 2022) (quoting Emard v. Comm'r of Soc. Sec., 953 F.3d 844, 850 (6th Cir. 2020)). Opinions issued after the date last-insured may be "minimally probative" to the plaintiff's condition during the insured period. Emard, 953 F.3d at 850. The ALJ's treatment of APRN Cornelius' medical source statement is supported by substantial evidence. The medical source statement Plaintiff references in the argument, Ex. 16F, is a check-box form that does not supply APRN Cornelius' reasoning for the majority of the limitations she opines. Ellars v. Comm'r of Soc. Sec., 647 F. App'x 563, 567 (6th Cir. 2016) (collection of cases stating "[t]hese cases recognize that the administrative law judge properly gave a check-box form little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence."). The ALJ explained he found the opinion was unpersuasive because it lacked supportability and consistency as Plaintiff sought and received conservative treatment later in the relevant period that does not support the opined limitations. The ALJ further noted that APRN Cornelius did not provide support for her limitations. Thus, the

ALJ did not err when finding this opinion was unpersuasive, and Finding No. 3 is supported by substantial evidence.

       c. *RFC Challenge*

Next, Plaintiff argues that the ALJ's RFC analysis is not supported by substantial evidence because it fails to provide a narrative discussion as required by SSR 96-8p and is not supported by medical evidence as there was no physical consultative evaluation in the case and the ALJ found the State agency medical consultants' opinions not persuasive (DN 9 PageID # 717-81). Plaintiff argues the ALJ made the RFC finding based only on his conclusion of Plaintiff's obesity and her complaints of pain. In response, Defendant asserts that the RFC finding is supported by substantial evidence as the ALJ provided a narrative discussion regarding Plaintiff's testimony and the medical evidence of the record (DN 15 PageID # 755-56).

A review of the ALJ's RFC finding shows the ALJ crafted a logical narrative that complies with the applicable regulations. Contrary to Plaintiff's assertions, the ALJ did not curate the RFC finding based on his own lay review. Here, the facts are dissimilar to those in <u>Deskin v. Comm'r of Soc. Sec.</u>, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008), where the ALJ made the RFC determination in the absence of any medical opinions that addressed the claimant's functional capacity, as, here, there were medical opinions and prior administrative medical findings of the record. The ALJ considered the state agency consultants' opinions but found them to be unpersuasive and placed higher restrictions on work ability—both opinions advised medium work, while the ALJ limited Plaintiff to light work—due to Plaintiff's subjective complaints (Tr. 22, 74, 82). Further, the ALJ lays out the background of Plaintiff's physical conditions and diagnoses throughout the RFC finding. Therefore, substantial evidence supports the ALJ's RFC finding.

11

Next, Plaintiff contends the ALJ erred when discounting Plaintiff's subjective complaints. The ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 20). The ALJ outlines Plaintiff's medical history, notes that despite Plaintiff's treatment remained the same, despite reporting a high scale of pain, and highlights Plaintiff reported taking care of two family members on a full-time basis (Tr. 23). "Although the ability to do household chores is not direct evidence of an ability to do gainful work, *see* 20 C.F.R. § 404.1572, '[a]n ALJ may . . . consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.'" Keeton v. Comm'r of Soc. Sec., 583 F. App'x 515, 532 (6th Cir. 2014) (quoting Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 532 (6th Cir. 1997)). "An ALJ may also base a credibility determination on a claimant's 'longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed.'" Id. at 532 (quoting SSR. 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *7 (July 2, 1996)). Here, the ALJ's rationale for finding Plaintiff's subject complaints are not consistent with the record is supported by substantial evidence. Id. at 533 ("The ALJ, not this Court, weighs the evidence and the testimony to make a credibility determination. Even if this Court were to find that evidence could support an alternative conclusion, the panel must affirm if the credibility determination is supported by substantial evidence.").

### d. *Plaintiff's Additional Challenges*

Plaintiff states that Findings Nos. 10 and 11 are not supported by substantial evidence because they are based upon the RFC finding. As the RFC finding is supported by substantial

12

evidence and comports with applicable law, Findings Nos. 10 and 11 are also supported by substantial evidence and Plaintiff is not entitled to relief on these claims.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003)). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief regarding his challenge.

## **ORDER**

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

July 11, 2024

*[signature]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:   Counsel of Record